Singh v. Lynch

BIA
Segal, IJ
A200 814 768

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of August, two thousand sixteen.

PRESENT:
> JOHN M. WALKER, JR.,
> BARRINGTON D. PARKER,
> RICHARD C. WESLEY,
> *Circuit Judges.*

_____

MANDEEP SINGH,
> *Petitioner,*

v.                                        15-2055
                                          NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Jaspreet Singh, Jackson Heights, N.Y.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Jesse M. Bless, Senior Litigation Counsel; Colette J. Winston, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED IN PART and DENIED IN PART.

Petitioner Mandeep Singh, a native and citizen of India, seeks review of a May 27, 2015, decision of the BIA, affirming a January 2, 2014, decision of an Immigration Judge ("IJ") denying Singh's motion to continue and application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mandeep Singh,* No. A200 814 768 (B.I.A. May 27, 2015), *aff'g* No. A200 814 768 (Immig. Ct. N.Y. City Jan. 2, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and BIA's decisions. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

I. Asylum: One-Year Jurisdictional Bar

We lack jurisdiction to review Singh's petition as it relates to the agency's pretermission of asylum. An asylum application must be filed within one year of an applicant's

2

arrival in the United States, absent changed or extraordinary circumstances. 8 U.S.C. § 1158(a)(2)(B), (D). Although we generally lack jurisdiction to review the agency's pretermission of asylum on timeliness grounds, we retain jurisdiction to review "constitutional claims or questions of law." 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D).

Singh asserts, contrary to his representations before the BIA, that the agency's pretermission determination was based on fact-finding that is flawed by an error of law because the record conclusively demonstrates that his prior counsel timely field an asylum application. Singh argued before the BIA that the record demonstrated that his prior counsel was ineffective for failing to timely file his application. We decline to consider Singh's unexhausted legal challenge and dismiss his petition for lack of jurisdiction as it relates to the agency's pretermission of asylum. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007) (providing that judicially imposed issue exhaustion is mandatory).

**II. Credibility-Based Denial of Withholding of Removal and CAT Relief**

For asylum applications like Singh's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum

3

applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Id.* at 167. As discussed below, substantial evidence supports the agency's adverse credibility determination.

The adverse credibility determination was properly based on the inconsistency between Singh's testimony and application about whether his father reported Singh's January 2010 beating to the police. Singh's application declared that his father did not want to report this incident because he feared that it would create more serious problems. However, when asked whether his father reported the beating to the police, Singh responded, "Yes, he did go." When confronted with this inconsistency, Singh paused; he then responded, "I don't know whether he did go or not." When the IJ asked whether he was changing his testimony, Singh reversed course: "No, I am still saying that he did go . . . he told me that he did go." The

4

IJ was entitled to rely on this inconsistency and reasonably observed that Singh was simply changing his testimony to cover up an obvious inconsistency.

The agency's adverse credibility determination was also properly based on the omission of Singh's political activities from his asylum application. *See id.* at 166 n.3 ("An inconsistency and an omission are . . . functionally equivalent" for credibility purposes). Singh testified that he was politically active in India and that he accompanied his father during his father's political activities. When asked why his application only mentioned his father's political activities, Singh responded that maybe the information "was missed." The IJ reasonably found that Singh gave no convincing explanation for the omission of this important information. *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be compelled to credit his testimony." (internal quotation marks and emphasis omitted)).

The agency also reasonably rested its credibility determination on inconsistencies between Singh's application and testimony concerning his father's September 2010 injury.

5

Singh's application asserted that his father was attacked and brutally beaten by local Hindus, which resulted in a broken right knee and serious head injury. However, he testified that his father suffered those injuries from a motorbike accident when he was sideswiped by another vehicle. When confronted with this inconsistency, Singh responded that his testimony was correct. The IJ reasonably found it troubling that Singh conceded that the representation in his application that his father had been brutally beaten was false.

On appeal, Singh insists that the inconsistencies and omissions were not directly material to his claims. Not so. These inconsistencies concerned Singh and his father's alleged beatings in India. However, the materiality of the inconsistencies is irrelevant, because "an IJ may rely on any inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an asylum applicant is not credible." *Xiu Xia Lin*, 534 F.3d at 167 (internal quotation marks and emphasis omitted). The totality of the circumstances clearly supports the IJ's credibility determination here. Because Singh's claims for withholding of removal and CAT relief were based on the same factual predicate, the adverse credibility

determination is dispositive of both claims. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). We therefore deny the petition as it relates to Singh's claims for withholding of removal and CAT relief.

**III. Continuance Denial**

Singh lastly asserts that the IJ erred in denying his motion to continue in order to submit documents. The IJ's denial of a request for a continuance is reviewed "under a highly deferential standard of abuse of discretion." *Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006). An IJ "may grant a motion for continuance for good cause shown," 8 C.F.R. § 1003.29, and has the authority to set deadlines for the submission of documents, *id.* § 1003.31(c). Although the regulations do not define "good cause," the agency requires that a movant seeking a "continuance based upon an asserted lack of preparation . . . . make a reasonable showing that the lack of preparation occurred despite a diligent good faith effort to be ready to proceed . . . [and] establish[] that th[e] denial caused him actual prejudice and harm and materially affected the outcome of his case." *In re Sibrun*, 18 I. & N. Dec. 354, 356-57 (B.I.A. 1983).

The agency did not abuse its discretion in concluding that Singh failed to meet the good cause standard. The IJ gave Singh one year to submit additional supporting documents, and Singh waited until after that submission deadline passed to request a 90-day continuance. His explanation—that he *did* receive some documents, but had to send them back to India to have them translated from Hindi to English—does not amount to a "reasonable showing that the lack of preparation occurred despite a diligent good faith effort," *id.* at 357.

For the foregoing reasons, the petition for review is DISMISSED IN PART and DENIED IN PART. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8