22-6387
Singh v. Garland

BIA
A200 814 768

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of December, two thousand twenty-four.

PRESENT:
GUIDO CALABRESI,
DENNY CHIN,
STEVEN J. MENASHI,
*Circuit Judges.*

_____

MANDEEP SINGH,
*Petitioner,*

v. 22-6387
NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

**FOR PETITIONER:**              Jaspreet Singh, Esq., Law Office of Jaspreet Singh, Richmond Hill, NY.

**FOR RESPONDENT:**              Brian M. Boynton, Principal Deputy Assistant Attorney General; Anthony C. Payne, Assistant Director; Raya Jarawan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mandeep Singh, a native and citizen of India, seeks review of an August 2, 2022, decision of the BIA denying his motion to reopen his removal proceedings. *In re Mandeep Singh,* No. A 200 814 768 (B.I.A. Aug. 2, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen for abuse of discretion and any finding as to country conditions for substantial evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). Generally, "[a]n alien may file one motion to reopen proceedings," 8 U.S.C. § 1229a(c)(7)(A), that "shall be filed within 90 days of the date of entry of a final administrative order of removal," *id.*

2

§ 1229a(c)(7)(C)(i); *see also* 8 C.F.R. § 1003.2(c)(2). It is undisputed that Singh's 2020 motion to reopen was untimely and number-barred because it was his second motion to reopen, and he filed it more than five years after his 2015 removal order.

However, the time and number limitations do not apply if the motion is filed to apply for asylum "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). "When reviewing whether . . . evidence established changed country conditions, the BIA must 'compare the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below.'" *Tanusantoso v. Barr*, 962 F.3d 694, 698 (2d Cir. 2020) (quoting *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007)). When, as in this case, the agency rendered an adverse credibility determination in the underlying proceedings, the movant "must either overcome the prior determination or show that the new claim is independent of the evidence that was found to be not credible" to prevail on a motion to reopen alleging changed country conditions. *Matter of F-S-N-*, 28 I. & N.

3

Dec. 1, 3 (B.I.A. 2020); *see also Kaur v. BIA*, 413 F.3d 232, 234 (2d Cir. 2005) (per curiam) ("[T]he evidence submitted by petitioner in support of her motion was not 'material' because it did not rebut the adverse credibility finding that provided the basis for the IJ's denial of petitioner's underlying asylum application.").

Singh's motion did not present new evidence or argument relevant to the adverse credibility determination: he repeated prior allegations without addressing the inconsistencies and omissions on which the agency's credibility determination relied, and he submitted a news article and human rights report that did not corroborate his specific allegations about himself and his family. Here, Singh argues that the agency should not have relied on the adverse credibility determination because it turned on ancillary issues, and his core claim of persecution was credible. To the extent that he challenges the adverse credibility determination, his argument is misplaced because we have already affirmed that determination, *see Singh v. Lynch*, 657 F. App'x 39 (2d Cir. 2016), and our review on this petition is limited to the denial of his second motion to reopen, *see Paul v. Gonzales*, 444 F.3d 148, 153 (2d Cir. 2006) ("In the context of a motion to reopen, we are precluded from passing on the merits of the underlying . . . proceedings.")

4

(internal quotation marks omitted). The agency was entitled to rely on that adverse credibility determination in assessing Singh's uncorroborated assertions in his motion. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147 (2d Cir. 2007).

Singh did not present a claim that was independent of the testimony that the agency previously found not credible. He asserted that recent events in India documented in his country conditions evidence—which included Sikh protests against recent farm laws, government abuses of human rights defenders, mob violence against religious minorities, and police violence in Singh's home state of Uttar Pradesh—corresponded with an increase in harassment and threats against his family from Hindu groups. As the BIA found, that evidence reflects a continuation of the original claim that the agency found not credible, in which Singh alleged that members of a Hindu mob assaulted him and his father because they were Sikh and had refused to cede their land to Hindus. Nor does the record support Singh's argument that the BIA overlooked his country conditions evidence. The BIA discussed the evidence, explaining that it did not reflect materially changed conditions warranting reopening given Singh's past claims of violence against Sikhs and farmers. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 275

5

(2d Cir. 2006) (explaining that the agency need not "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner" as long as it "has given reasoned consideration to the petition, and made adequate findings") (internal quotation marks omitted); *In re S-Y-G-*, 24 I. & N. Dec. at 257 (requiring more than an "incremental or incidental" change to excuse the limitations on a motion to reopen).

Because Singh failed either to overcome the underlying adverse credibility determination or to demonstrate a material change in conditions in India, the BIA did not abuse its discretion in denying his motion to reopen as untimely and number-barred. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i), (ii); 8 C.F.R. § 1003.2(c)(2); *Kaur*, 413 F.3d at 234. Because these conclusions are dispositive, and because the BIA did not otherwise address Singh's prima facie eligibility for asylum, we need not reach Singh's remaining arguments. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7